U.S. Bank N.A. v Montes (2025 NY Slip Op 01971)

U.S. Bank N.A. v Montes

2025 NY Slip Op 01971

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2023-02936
 (Index No. 60677/22)

[*1]U.S. Bank National Association, etc., appellant,
v
Angel Montes, et al., respondents, et al., defendants.

Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas, Douglas C. Weinert, Adam B. Speregen, and McCarter & English, LLP [Adam M. Swanson], of counsel), for appellant.
Michael H. Schwartz, P.C., White Plains, NY, for respondents Angel Montes and Maryann Montes.
W. David Eddy, Jr., White Plains, NY, for respondent Diane Manich.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nancy Quinn Koba, J.), dated March 8, 2023. The order granted the separate motions of the defendants Angel Montes and Maryann Montes and the defendant Diane Manich for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
On May 11, 2009, the defendants Angel Montes, Maryann Montes, and Diane Manich (hereinafter collectively the defendants), and another individual, executed a note in favor of Residential Home Funding Corp. in the amount of $412,392, which was secured by a mortgage on certain real property located in West Harrison. On November 25, 2013, JPMorgan Chase Bank, National Association (hereinafter Chase), commenced an action to foreclose the mortgage (hereinafter the prior action). In an order dated January 31, 2017, the Supreme Court directed dismissal of the complaint in that action pursuant to CPLR 3215(c) as abandoned (hereinafter the order of dismissal). On September 29, 2021, Chase moved to vacate the order of dismissal and to restore the prior action to the calendar. In an order dated December 7, 2021, the court denied the motion.
On May 10, 2022, the plaintiff commenced this action to foreclose the mortgage against, among others, Angel Montes and Maryann Montes (hereinafter together the Montes defendants) and Manich. The Montes defendants and Manich interposed answers in which they raised the affirmative defense of the statute of limitations. Thereafter, the Montes defendants and Manich separately moved for summary judgment dismissing the complaint insofar as asserted against each of them as time-barred. In an order dated March 8, 2023, the Supreme Court granted the motions. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261; MTGLQ Invs., L.P. v Singh, 216 AD3d 1087, 1088). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]; see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916). "'Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the [holder of the note] elects in the complaint to call due the entire amount secured by the mortgage'" (U.S. Bank Trust, N.A. v Schlesinger, 227 AD3d 748, 750, quoting GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 916).
Here, the defendants established, prima facie, that this action was time-barred by submitting evidence demonstrating that the mortgage debt was accelerated in November 2013, upon the commencement of the prior action, in which Chase elected to call due the entire amount secured by the mortgage (see U.S. Bank Trust, N.A. v Schlesinger, 227 AD3d at 748; U.S. Bank N.A. v Simon, 216 AD3d 1041, 1042; U.S. Bank N.A. v Doura, 204 AD3d 721, 723). The defendants further demonstrated that this action was commenced in May 2022, more than eight years later (see CPLR 213[4]; U.S. Bank N.A. v Simon, 216 AD3d at 1042-1043; U.S. Bank N.A. v Doura, 204 AD3d at 723). In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact.
For the first time on appeal, the plaintiff argues that the statute of limitations is inapplicable to this action because the plaintiff is an assignee of the United States Department of Housing and Urban Development, a federal agency, which the plaintiff asserts is not subject to the statute of limitations. Contrary to the plaintiff's contention, this argument does not solely involve a question of law that appears on the face of the record and could not have been avoided if brought to the attention of the Supreme Court, but rather, involves questions of fact that have not been explored (see Bank of Am., N.A. v Reid, 233 AD3d 38; Bank of Am., N.A. v Gulnick, 170 AD3d 1365, 1367). Accordingly, this argument is not properly before this Court.
Further, the plaintiff failed to establish that this action, commenced on May 10, 2022, more than five years after the order of dismissal, was entitled to the protection of CPLR 205(a) or 205-a, and we need not reach the question of whether the more stringent requirements of the newly enacted CPLR 205-a are applicable to this case (see Deutsche Bank Natl. Trust Co. v Booker, 221 AD3d 579, 582; U.S. Bank N.A. v Corcuera, 217 AD3d 896, 898-899).
Accordingly, the Supreme Court properly granted the separate motions of the Montes defendants and Manich for summary judgment dismissing the complaint insofar as asserted against each of them.
BARROS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court